**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TAMOND THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00027-SPM |
| | ) | |
| BRYANT JONES, | ) | |
| | ) | |
| Respondent. | ) | |

### <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on self-represented Petitioner Tamond Thomas' application

for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because Petitioner was not

incarcerated on his 2005 conviction or sentence at the time he filed the instant action, the Court

will dismiss this action for lack of subject matter jurisdiction.

### Background

On April 14, 2005, a jury in St. Louis City Court returned a guilty verdict on two counts of

robbery in the first degree and two counts of armed criminal action. *State v. Thomas*, No. 22031-

01105-01 (22nd Jud. Cir. 2005). On June 10, 2005, Petitioner was sentenced to a total term of

imprisonment of 12 years in the Missouri Department of Corrections. Petitioner appealed his

conviction by filing a notice of appeal in the Circuit Court on June 20, 2005. *State v. Thomas*, No.

ED86456 (Mo. Ct. App. 2005). The Court of Appeals affirmed his conviction on May 16, 2006,

and the mandate was issued on June 7, 2006. *Id*.

On August 3, 2006, Petitioner filed a motion to vacate, set aside, or correct judgment under

Missouri Supreme Court Rule 29.15 in the St. Louis City Circuit Court. *See Thomas v. State*, No.

0622-CC05536 (22nd Jud. Cir. 2009). The Circuit Court denied Petitioner's post-conviction

motion on June 16, 2009. *Id*. Petitioner appealed, and the Missouri Court of Appeals affirmed the trial court on April 13, 2010. *Thomas v. State*, No. ED93428 (Mo. Ct. App. 2010).

Petitioner filed his § 2254 petition by placing the petition in the mail at Pike County Jail in Bowling Green, Missouri, on March 20, 2026.

### The § 2254 Petition

Petitioner is currently incarcerated at the Lincoln County Jail in Troy, Missouri, after he was arrested on a warrant for a revocation of his federal supervised release on April 16, 2026. *See United States v. Thomas*, No. 4:23-CR-434 JAR (E.D.Mo.).[1] He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction for robbery in the first degree and armed criminal action. [ECF No. 1]. It appears that Petitioner is attacking the 2005 conviction because it was used to enhance his 2022 conviction in the United States District Court for the Western District of Missouri, and he is concerned it will also be used to enhance his current supervised release revocation matter.

### Discussion

A person challenging a state conviction under § 2254 must be in custody under the conviction or sentence attacked at the time of filing. *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991). Petitioner is not presently in Missouri State custody under his 2005 conviction. Although he is currently incarcerated in the Lincoln County Jail awaiting a federal supervised release revocation hearing, and he was apparently in Pike County Jail at the time he placed his

---

[1]Petitioner's supervision was transferred to the United States District Court for the Eastern District of Missouri on August 17, 2023. *See United States v. Thomas*, No. 4:23-CR-434 JAR (E.D.Mo.). It stemmed from a 2022 conviction he received in the United States District Court for the Western District of Missouri on the charge of felon in possession of a firearm. *See United States v. Thomas*, 4:19-CR-278 BP (W.D.Mo.).

§ 2254 petition in the prison mailing system on March 20, 2026,[2] Petitioner admits in his petition that he was released from the Missouri Department of Corrections on his 2005 sentence by 2014. *See* ECF No. 1 at 10. Because Petitioner is no longer in custody on his 2005 sentence and was not when his § 2254 petition was filed, this Court lacks subject matter jurisdiction over his petition, and the petition must be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DISMISSED for lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of April, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2]According to Missouri.Case.Net, Petitioner was incarcerated in Pike County Jail facing charges of felony resisting arrest, willfully failing or refusing to allow a law enforcement officer or firefighter to enforce their duties, failing to affix his registration sticker on his license plate and operating his motor vehicle with reduced vision on his windows/windshield. *See State v. Thomas*, No. 26PI-CR00009-02 (45th Jud. Cir. 2026). He was transferred to federal custody on April 16, 2026.