**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TAMOND THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00027 SPM |
| | ) | |
| BRYANT JONES, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is Petitioner Tamond Thomas' Motion for Leave to Proceed in Forma Pauperis on Appeal. [ECF No. 18]. The Motion will be denied for lack of good faith.

### Background

Petitioner filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 26, 2026. [ECF No. 1]. He challenged his 2005 state conviction for robbery in the first degree and armed criminal action. *See State v. Thomas*, No. 22031-01105-01 (22nd Jud. Cir. 2005). It appears that Petitioner brought the instant habeas attacking the 2005 conviction because it was used to enhance his 2022 federal conviction in the United States District Court for the Western District of Missouri on the charge of felon in possession of a firearm,[1] and he was concerned it would be used to enhance his supervised release revocation matter pending in the United States District Court for the Eastern District of Missouri.[2] The Court denied Petitioner's Application for Writ of Habeas Corpus on April 27, 2026, because Petitioner was no longer

---

[1] *See United States v. Thomas*, 4:19-CR-278 BP (W.D.Mo.).

[2] Petitioner is currently incarcerated in Ste. Genevieve County Detention Center in Ste. Genevieve, Missouri, after he was arrested on a warrant for a revocation of his federal supervised release on April 16, 2026. *See United States v. Thomas*, No. 4:23-CR-434 JAR (E.D.Mo.).

being held "in custody" under the 2005 conviction. *See Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991). Rather, Petitioner admitted in his Application for Habeas Corpus that he had been released from the Missouri Department of Corrections by 2014, relative to his 2005 conviction. Accordingly, the Court found it lacked subject matter jurisdiction over his Application for Writ of Habeas Corpus, and the Petition was summarily dismissed. *See* ECF Nos. 5 and 6. At the time of dismissal, the Court declined to award a Certificate of Appealability. *See id.*

Petitioner filed a Motion for Reconsideration of the Dismissal on July 8, 2026. [ECF No. 7]. The Court denied the Motion and declined to issue a Certificate of Appealability on July 15, 2026. [ECF No. 8]. Petitioner filed a Notice of Appeal on July 24, 2026. [ECF No. 9]. He indicates in the Notice of Appeal that he is appealing the Opinion, Memorandum and Order, the Order of Dismissal and the Order denying his Motion for Reconsideration. *See* ECF Nos. 5, 6 and 8.

### Discussion

The Court has twice declined to award a Certificate of Appealability in this action. [ECF Nos. 5, 6 and 8]. Additionally, after reviewing Petitioner's Motion for Reconsideration, Notice of Appeal, Motion for Leave to Proceed in Forma Pauperis on Appeal and attached briefing, this Court believes that there are no justiciable issues currently ripe for appellate review. *See* Fed. R. App. P. 24(a)(1) (stating that a motion for leave to proceed in forma pauperis on appeal should "state[] the issues that the party intends to present on appeal").

Furthermore, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As such, this Court certifies that this appeal is not taken in good faith. The instant Motion for Leave to

Proceed in Forma Pauperis on Appeal will be denied. *See* Fed. R. App. P. 24(a)(3); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis on Appeal [ECF No. 18] is **DENIED for lack of good faith**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

Dated this 11th day of August, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE